(June 28, 1955.)

■

In the Matter of 400 MADISON AVENUE CORPORATION, Appellant.
ROBERT C. ROY, Respondent.

*Per Curiam.* While a tenant is entitled to a full bill of particulars in an alternative proceeding, the information sought must have some relevancy to the issues. In this proceeding brought under subdivision 2 of section 4 of the Business Rent Law (L. 1945, ch. 314, as amd.), the landlord has been directed to furnish particulars which are appropriate to a subdivision 1 proceeding, but unnecessary in a proceeding under subdivision 2. In an alternative proceeding, the gross rents found necessary for a reasonable return are to be apportioned on a square foot basis without regard to the actual rents from all or any part of the property. Consequently, the names and addresses of the tenants, the rent payable or previously paid by each and the rental last charged for vacant space is immaterial and unnecessary. Accordingly, the order appealed from is modified by eliminating the words " to wit, the year 1950 " from Item 8 of the demand, and striking out all of Items 9, 13, 14 and 19. In place of the information sought by the eliminated items, the landlord is to state the aggregate square feet of rentable store space and the aggregate square feet of rentable office space and the resulting fair rental value per square foot of all rentable office space required to produce the claimed basic return. If the landlord claims that the tenant should pay a greater amount as square foot rental by reason of the character and location of the tenant's space, landlord should state the amount which it claims the tenant should pay and the reasons for the difference.

As so modified, the order appealed from is affirmed, with costs to the appellant. Settle order on notice.

Peck, P. J., Cohn, Callahan, Bastow and Botein, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. [See *post*, p. 963.]