■ SEYMOUR SCOTT, as Alternate Trustee under Deeds of Trust Made by ELIZABETH SCOTT and Others, Respondent, v. P. C. CORP., Appellant.— Order unanimously modified so as to reduce the attachment to the sum of $20,000 and, as so modified, affirmed, with $20 costs and disbursements to the appellant. The material allegations of the second cause of action are wholly conclusory and fail to state sufficient facts to constitute an identifiable cause of action. The affidavit in support of the attachment supplies no information to clarify the allegations of that cause of action. The maximum amount that might be levied on under the remaining causes of action is $20,000. Therefore the warrant of attachment and the amount of the attachment should be limited to that sum. Settle order on notice. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.

■ In the Matter of WOOLCO REALTY CORPORATION, Appellant. FRANK J. McKENNA ATHLETIC EQUIPMENT Co., INC., et al., Respondents.— In this proceeding maintained by the landlord in pursuance of subdivision 2 of section 4 of the Business Rent Law, to determine the fair rental value per square foot of certain office space and to fix the rent for respondents as tenants at that value, a notice of examination of the landlord before trial has been limited in some respects by the court at Special Term. We think it should be additionally limited by striking out item 3 of the notice of examination. Under this item it is sought to examine the petitioner generally as to income "rental and otherwise" derived by the landlord from the entire premises. In a proceeding maintained under subdivision 2 of section 4, the gross rents found necessary for a reasonable rent are apportioned on a square foot basis without regard to the actual rents derived from the property. Much of the broad and unlimited information sought under item 3 becomes, therefore, immaterial to the inquiry (*Matter of 400 Madison Ave. Corp.*, 286 App. Div. 834). It is not a complete answer to the need or utility of an examination before trial in respect to some of the other items allowed by the court, and of which appellant complains, that a bill of particulars has been furnished. The examination before trial and the bill of particulars serve somewhat different procedural functions. Order unanimously modified by striking paragraph 3 from the notice of examination and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. Concur — Botein, J. P., Rabin, Cox and Bergan, JJ.